IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LUCIAN RAY REED AND<br>BRENDA REED<br>　　　Plaintiff<br>VS.<br><br>ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY<br>　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. _____<br><br>Jury Demand |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1. Pursuant to Local Rule CV-81, Defendant files its Civil Cover Sheet (Exhibit "A") and certified copy of the state court docket sheet (Exhibit "B") attached to this Notice.

2. On or about July 16, 2015, Lucian Ray Reed and Brenda Reed ("Plaintiffs") initiated the state court lawsuit against Defendant in the 3rd Judicial District Court of Henderson County, Texas, styled *Lucian Ray Reed and Brenda Reed v. Allied Property and Casualty Insurance Company*; pending as Cause No. CV15-0362-3 ("the state court action"). In the state court action, Plaintiffs seek actual damages for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Further, Plaintiffs seek attorneys' fees, treble damages, exemplary damages and 18% interest. *See Plaintiffs' Original Petition*, attached hereto as Exhibit "C".

3. The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Lucian Ray Reed - Plaintiff | Nicholas S. Bressi<br>State Bar No. 02959485<br>Law Office of Nicholas Bressi<br>704 W. 9th Street<br>Austin, Texas 78701<br>512.472.3123 |
| Brenda Reed - Plaintiff | Nicholas S. Bressi<br>State Bar No. 02959485<br>Law Office of Nicholas Bressi<br>704 W. 9th Street<br>Austin, Texas 78701<br>512.472.3123 |
| Allied Property and Casualty Insurance Company - Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670 |

4. The name and address of the court from which the case is being removed is as follows:

The Honorable Mark Calhoon
109 W. Corsicana
Suite 102
Athens, Texas 75751
903.677.7277

### B. Notice of Removal Timely

5. Defendant was served with process and a copy of Plaintiff's suit on July 21, 2015. *See* Exhibit "D". Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

### C. Complete Diversity

6. Pursuant to the state court action, Plaintiffs Lucian Ray Reed and Brenda Reed are residents of Henderson County, Texas and citizens of Texas.

7. Defendant Allied Property and Casualty Insurance Company is now, and was at all times relevant hereto, a citizen of the state of Iowa, incorporated in the state of Iowa, and having its principle place of business in the state of Iowa.

8. In light of the foregoing, the parties are of completely diverse citizenship and none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b).

### D. Amount in Controversy

9. Plaintiffs' Original Petition alleges actual damages, seeks three times the amount of actual damages, seeks attorneys' fees, interest and exemplary damages. Exhibit "C" at 10.

10. In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick*

*v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10. Plaintiff's claims are centered on Allied's alleged failure to pay the proceeds of Plaintiffs' policy for damages to Plaintiffs' property. Plaintiffs' total policy limit of insurance on their property greatly exceeds $75,000. Further, Plaintiffs, as stated in their Original Petition, seek damages for violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing, as well as pre-judgment interest, post-judgment interest, court costs, attorneys' fees and penalties, including statutory treble damages and exemplary damages.

11. A court can determine that removal is proper from a plaintiff's pleadings if a plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

12. Plaintiffs even specifically stated in their Original Petition that they seek monetary relief of less than $100,000. Exhibit "C" at 10. Therefore, the amount in controversy in this case exceeds the jurisdictional requirements. *Id.*

### E. All Pleadings of State Court Action Attached As Exhibits

13. Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "E".

### F. Basis for Removal

14. Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiffs are citizens and residents of Texas, Defendant is a citizen of Iowa; and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### G. Venue

15. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

### H. Filing of Notice with State Court

16. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the state court.

### I. Defendant's Demand for Jury Trial

17. Defendant asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

18. WHEREFORE, PREMISES CONSIDERED, Defendant Allied Property and Casualty Insurance Company requests that this Court proceed with the handling of this cause as

if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves entitled.

    Respectfully submitted,

    **WALTERS, BALIDO & CRAIN, L.L.P.**

    BY:   */s/ Randall G. Walters*
           RANDALL G. WALTERS - 20819480
           Meadow Park Tower
           10440 N. Central Expy, Suite 1500
           Dallas, Texas 75231
           214/347-8381 - FAX
           214/347-8380 - DIRECT
           214/749-4805 - MAIN
           Email: randy.walters@wbclawfirm.com
           **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the __5__ day of August, 2015, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

    */s/ Randall G. Walters*
    RANDALL G. WALTERS