# EXHIBIT C

FILED FOR RECORD
7/16/2015 3:14:18 PM
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

Cause No. CV15-0362-3

| | | |
|---|---|---|
| LUCIAN RAY REED, and<br>BRENDA REED, | § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| V. | § § | HENDERSON COUNTY, T E X A S |
| ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY, | § § § | |
| DEFENDANT. | § § | 3RD ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Lucian Ray Reed and Brenda Reed (hereinafter collectively referred to as "Reed" or "Plaintiffs") and file this Plaintiffs' Original Petition complaining of Allied Property and Casualty Insurance Company (hereinafter referred to as "Allied" or "Defendant") and for causes of action would show as follows:

I.

### JURISDICTION, VENUE, and DISCOVERY CONTROL PLAN

This is a suit based on breach of contract and torts. All or part of Plaintiffs' causes of action asserted herein accrued in Henderson County, Texas, and Defendant does business in Henderson County, Texas, therefore, pursuant to Tex. Civ. Prac. & Rem. Code sec. 15.001, et seq. and 15.011, venue is proper in Henderson County Texas.

The amount in controversy exceeds the minimum jurisdictional limits of this Court. The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated

1

herein. Plaintiffs intend for discovery of this case to be controlled under Level 2 pursuant to Tex.R.Civ.P. 190, et seq.

II.

**PARTIES**

Plaintiffs are natural persons and residents of Henderson County, Texas.

Defendant is a corporation duly organized as an insurance company. Defendant can be served through its registered agent for service Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

III.

**STATEMENT OF THE CASE**

Plaintiffs own a house and property located at 2944 Lynn Dell Drive, Tool, Texas 75143-8469. Plaintiffs obtained insurance coverage through Defendant, which is a Nationwide Insurance Company affiliated insurance company, for their house and property in the form of a homeowners' insurance policy. On or about various times from 2012 through the fall of 2013, Plaintiffs discovered their house sustained losses and damages during the policy period(s) under which Defendant insured the house and property. The losses and damages sustained by Plaintiffs are covered losses under Defendant's policy and Defendant admitted at least of the claims filed by Plaintiffs constituted a covered loss.

Defendant assigned dates of loss for these matters of January 5, 2012, and February 10, 2012, despite that fact that as late as June 2013 and September 2013, additional plumbing testing was being performed which showed additional leaks were present and engineering investigations were occurring which showed the Reed's house was sustaining damages and covered losses

2

existed. Defendant did not assign new dates of loss for those leaks and damages but instead informed Plaintiffs that they would investigate the claim, retain another engineer to investigate the claim, and issue a coverage determination, which Allied issued on February 2, 2015, which denied any further payment.

The losses and damages sustained by Reed which form the basis of this lawsuit, include, but are not limited to, damage and/or losses to the plumbing system, foundation, exterior and interior structures and finishes. The losses suffered were the type of loss Plaintiffs sought to insure against, namely all risks of physical loss to the dwelling and/or ensuing losses caused by covered and/or non-excluded perils. Reed timely reported their claim and damages to Defendant after discovery and/or occurrence of said losses and damages. Defendant investigated Plaintiffs' claim by performing some inspections and testing. Defendant confirmed at least a portion of Plaintiffs' claim was covered and Defendant paid some sums towards the initial plumbing leaks which were discovered and paid some costs related to the repair of the foundation thereby admitting that Reed's claim was a covered loss. Defendant also confirmed and represented to Plaintiffs that coverage existed for the plumbing leaks as well as any damages caused by the leaks. Defendant paid Plaintiffs some sums towards repair of the leaks and ensuing water losses to the foundation however Defendant refused and/or failed to pay for other damages caused by the leaks.

Allied initially retained Paragon Structural Engineering, Ltd. ("Paragon") to investigate the first claim and ascertain whether the plumbing supply line and drain line leaks were causing the foundation movement and resulting damages to the exterior and interior finishes of the Reed's home. Paragon concluded in its report dated April 20, 2012, that the supply line leak did in fact cause the foundation movement and ensuing losses to the Reed's home. Based on the findings

contained in this Paragon report Allied admitted coverage existed for this loss. Paragon refused however to formulate a plan of repair for the foundation repair which was needed and Allied then instructed Mr. and Mrs. Reed to retain an engineer to provide a plan of repair, Allied agreed to pay for the plan of repair, and in fact Allied did pay for those engineering services and opinions. Mr. and Mrs. Reed previously consulted with Noakes Engineering Company, Inc. ("Noakes") concerning the house and its foundation so they decided to retain Ms. Jessica Kilgore of Noakes to formulate a plan of repair for the damages caused to the house as determined by Paragon. Noakes then investigated the matter, reviewed the data collected by Paragon and others during the claim process, conducted their own inspection and investigation of the house and its foundation, and then issued a report dated January 28, 2012, which contained the plan of repair.

Allied refused to pay for the scope of repairs called for under the foundation repair plan which was formulated by Noakes even though coverage for the claim was admitted and never denied. Mr. and Mrs. Reed were then forced to pay out of their own pocket for all of the foundation repairs, cosmetic repairs and related costs for the areas of the house which Paragon stated were allegedly not due to the leakage and were outside the "zone of influence" which Allied and its engineer arbitrarily established as the area allegedly damaged by the water leakage. Both Paragon and Noakes concluded the leakage caused foundation movement and the ensuing losses to the interior and exterior finishes of the Reed's home which Allied admitted constituted covered losses.

Since the foundation is basically a monolithic slab the entire foundation repair should have been repaired in order to properly repair this covered loss and restore the Reed's house to its pre-loss condition. Alternatively, the subsequently discovered sewer line leaks also caused additional

4

movement and damage, and that loss should have necessitated payment for repair of the entire foundation repair as well. Allied's refusal to pay for all of the necessary repairs constitutes a breach of contract and violation of the Texas Insurance Code due to the failure to timely pay for this repair after liability became reasonably clear and after liability was admitted by Allied even though Allied never denied coverage for that claim.

Paragon's assertion that the supply line leak only damaged part of the foundation is not supported by the evidence and data gathered during the investigation of these claims nor is such supported by any authoritative literature in the engineering community. For example, Paragon stated that the foundation was damaged by not only the leak but also settlement of the fill materials yet geotechnical testing showed the presence of voids under the foundation which would not exist had the fill settled or compacted as Paragon suggested. Paragon also stated that some of the damages were allegedly due to the original foundation design and construction yet their investigation and report failed to adequately identify what was allegedly deficient about the foundation design or construction. In any event, the mere fact that Paragon and Noakes concluded that accidental discharge, leakage or overflow of water from the plumbing system caused the foundation movement and resulting damage to the house, was sufficient to trigger coverage under the Allied policy and obligated Allied to restore the Reed's house to its pre-loss condition which Allied failed to do.

Reed paid $26,831.81 over and above what Allied paid to them in connection with these claims for the necessary repairs to the house and its foundation in order to restore the house to the condition it was in prior to this covered loss. Demand was made upon Allied to reimburse Mr. and Mrs. Reed the sum of $26,831.81, plus reasonable and necessary attorney's fees, however

5

Allied refused to reimburse Reed for those damages and thus compelled Reed to file this lawsuit to collect all damages owed in connection with the necessary repairs.

CAUSES OF ACTION

IV.

**BREACH OF CONTRACT**

Reed would show they obtained from Defendant a policy of insurance to insure against the types of losses and damages sustained by Plaintiffs. Defendant has breached the contract(s) of insurance by failing to provide Plaintiffs the benefit of the bargain. Defendant accepted and cashed Plaintiffs' premium payments but refuses to honor the contract(s) of insurance. Defendant failed to provide the coverages afforded Plaintiffs and failed to timely and fully pay Plaintiffs for all covered losses and damages arising out of the claims at issue. Defendant has further breached the policy by failing to timely, thoroughly and adequately investigate Plaintiffs' claim prior to denial of coverage. Defendant further committed breach of contract by failing to timely and fully pay Plaintiffs' claim in accordance with the time limits for such set forth in the policy.

As a consequence of Defendant's breaches of contract, Plaintiffs have suffered damages for which they now sue. As a further result of Defendant's breach of contract, Plaintiffs were required to retain the undersigned attorney to investigate their claim and institute this lawsuit to collect the damages due Plaintiffs. Plaintiffs are therefore entitled to recover all attorney's fees and costs necessitated by this investigation and lawsuit. All conditions precedent to Plaintiffs' recovery herein have been performed and/or have occurred or have been waived.

V.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

At all times since Defendant issued Plaintiffs a policy of insurance covering Plaintiffs' house and property, Defendant knew, or should have known, Plaintiffs were insured under a policy of insurance issued to Plaintiffs by Defendant. Defendant issued said policy to Plaintiffs and owed Plaintiffs a duty of good faith and fair dealing and a duty to exercise ordinary care in the handling of Plaintiffs' claims, the investigation of Plaintiffs' claims, the payment of Plaintiffs' claims and the adjustment of Plaintiffs' losses. Defendant further owed Plaintiffs a duty to timely pay for all covered losses.

Defendant is in breach of its duties of good faith and fair dealing owed Plaintiffs under the contracts and under common law as stated herein. As a direct proximate cause of Defendant's negligent and/or intentional acts and/or omissions which constitute breach of the duty of good faith and fair dealing, Plaintiffs have suffered damages for which they now sue.

Defendant's failure to conduct a reasonable and thorough investigation of Plaintiffs' claim prior to its denial of payment for these claims constitutes a breach of the duty of good faith and fair dealing. Defendant's failure to timely process and fully pay Plaintiffs' claim for plumbing leaks and ensuing losses also constitutes breach of the duty of good faith and fair dealing.

VI.

## VIOLATIONS OF TEXAS INSURANCE CODE

Defendant has engaged in unfair and/or deceptive acts and/or practices in the business of insurance, in violation of article 541.060 of the Texas Insurance Code. Defendant's violation of Tex.Ins. Code art. 541.060 also constitutes a violation of the Texas Deceptive Trade Practices-Consumer Protection Act. Defendant further violated Texas Insurance Code article 542.051. Said

7

acts and/or practices are the proximate and/or producing cause of Plaintiffs' damages for which they now sue.

Defendant has engaged in unfair settlement claims practices by:

(1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear;

(2) failing to provide promptly to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; and

(3) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Defendant is in violation of article 542.051 of the Texas Insurance Code by:

(1) failing to properly and timely commence and complete an investigation of Plaintiffs' claim; and

(2) failing to pay Plaintiffs' claim within 15 business days of its receipt of all information needed by it to secure final proof of loss and pay the claim.

As a proximate cause of Defendant's acts, errors and/or omissions, Plaintiffs have suffered damages for which they now sue. Defendant's acts, errors and/or omissions were committed knowingly with actual awareness of the falsity, unfairness or deceptiveness of the act(s) or practice(s), therefore, Plaintiffs requests the Court award, in addition to the actual damages set forth herein, three times the amount of actual damages, pursuant to Art. 541.152 of the Texas Insurance Code, as well as Plaintiffs' reasonable and necessary attorney's fees and costs. Additionally, Plaintiffs request the Court award damages pursuant to Article 542.060 of the Texas

Insurance Code.

## VII.

## **DECEPTIVE TRADE PRACTICES ACT VIOLATIONS**

At all times material and relevant hereto, Plaintiffs were "consumers" as that term is defined in the Texas Deceptive Trade Practices-Consumer Protection Act, ("DTPA") Tex. Bus. & Com. Code sec. 17.45(4). Plaintiffs sought "services" from Defendant as that term is defined in Tex. Bus. & Com. Code sec. 17.45(2). At all times relevant hereto, Defendant was engaged in "trade" and "commerce" in the insurance business in Henderson County, Texas as those terms are defined in Tex. Bus. & Com. Code sec. 17.45(6).

The acts, errors and/or omissions committed by Defendant as described herein violated the DTPA and were false, misleading and/or deceptive acts and/or practices as described above and committed as follows:

(1) representing that goods or services are of a particular standard, quality or grade when they are of another.

Defendant's acts, errors and/or omissions referred to above were in fact a producing and/or proximate cause of damage to Plaintiffs.

Defendant's violation(s) of the Texas Insurance Code also constitute violations of the DTPA. Defendant's actions also constitute unconscionable conduct as prohibited by the DTPA.

The above acts, errors and/or omissions were committed "knowingly" as that term is defined by Tex. Bus. & Com. Code sec. 17.45(9). Accordingly, Plaintiffs request the Court award, in addition to actual damages, three times the amount of actual damages in excess of $1,000.00 and two times that portion of the actual damages that does not exceed $1,000.00.

Plaintiffs further request the Court award court costs and reasonable and necessary attorneys' fees.

VIII.

## DAMAGES

Plaintiffs have suffered actual damages to the house in an amount that exceeds the minimum jurisdictional limits of this Court. Plaintiffs seek monetary relief only in an amount less than $100,000.00. Plaintiffs have incurred additional and consequential damages, including but not limited to; plumbing repair costs, costs connected with the investigation of Plaintiffs' claim, and repair costs for the foundation repair and related losses to the interior and exterior finishes of the house.

Plaintiffs have been required to retain the undersigned attorney to prosecute this lawsuit and have thereby incurred reasonable and necessary attorneys' fees and costs for which they now sue. Plaintiffs have pleaded herein for recovery of attorney's fees and para-professional's fees. Plaintiffs are authorized to recover attorney's fees on their claim by statute or contract between the parties. Plaintiffs are represented by counsel herein and have complied with all conditions precedent. Plaintiffs are entitled to recovery of attorney's fees and such fees have been incurred or may be incurred in connection with this lawsuit. Plaintiffs' attorney's fees sought herein are reasonable and necessary.

Plaintiffs request the Court award prejudgment and post judgment interest.

Plaintiffs request that statutory damages be awarded under the DTPA and the Texas Insurance Code.

IX.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in accordance with the Texas Rules of Civil Procedure and Evidence and the Constitution of the United States of America and the Texas Constitution.

X.

## REQUEST FOR DISCLOSURE

Reed hereby request Allied disclose, within 50 days of service of this request, the information and/or materials described in Tex.R.Civ.P. 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that upon final hearing, this Court and jury grant the relief sought herein and that Plaintiffs have judgment against Defendant and that Plaintiffs be granted such other and further relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Nicholas S. Bressi
Nicholas S. Bressi
State Bar No. 02959485
Law Office of Nicholas Bressi
704 W. 9th Street
Austin, Texas 78701
Tel.: 512.472.3123
Email: Nick@Bressilaw.com

ATTORNEY FOR PLAINTIFFS
RAY AND BRENDA REED